```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```

HICA EDUCATION LOAN CORP., :

                Plaintiff, :

    -against- :

ALEKSANDR L. KOTLYAROV, :

  :

                Defendant.
```
------------------------------------------------------------x
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:   **8/6/2013**
>
> **REPORT AND RECOMMENDATION TO THE HONORABLE DEBORAH A. BATTS**
>
> 11 Civ. 1050 (DAB) (FM)

**FRANK MAAS,** United States Magistrate Judge.

      In this student loan debt collection action, plaintiff HICA Education Loan Corporation ("HICA") seeks to recover amounts unpaid on two defaulted promissory notes executed pursuant to the federal Health Education Assistance Loan ("HEAL") Program.  HICA has moved for summary judgment and an award of the sums owed, including its attorney's fees.  (ECF Nos. 22, 32).

      The sole basis for jurisdiction asserted in the complaint is 28 U.S.C. § 1331 ("Section 1331"), which authorizes federal courts to hear cases that "arise under" federal law.  (ECF No. 1 ("Complaint" or "Compl.") ¶ 3).  Several recent decisions, including at least one from this District, have dismissed similar suits by HICA on the ground that such cases do not engage federal jurisdiction under Section 1331.  See HICA Ed. Loan Corp. v. Danziger, 900 F. Supp. 2d 341 (S.D.N.Y. 2012).  Although HICA's counsel in this case also was counsel of record in Danziger, HICA's summary judgment papers omitted any mention of this jurisdictional issue.  I therefore ordered HICA to show cause why the case

should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 36). On May 20, 2013, HICA filed a supplemental memorandum of law raising arguments essentially identical to those advanced – and rejected – in Danziger. (See Mem. of Law in Supp. of Subj. Mat. Jur. ("HICA Mem.") (ECF No. 37)).

For the reasons set forth below, I recommend that the case be dismissed for lack of subject-matter jurisdiction.

I. Background[1]

The HEAL Program was a nationwide federal program that guaranteed loans made by private lenders to students pursuing graduate studies in the medical field. In 1995 and 1996, the defendant, Aleksandr Kotlyarov ("Kotlyarov"), executed two HEAL promissory notes, each for $20,000, payable to Chase Manhattan Bank, N.A. ("Chase"). Following Kotlyarov's default, the Secretary of the Department of Health and Human Services ("HHS") repaid Chase, which then assigned the notes to HICA, a private nongovernmental corporation based in Sioux Falls, South Dakota. HICA then filed this suit seeking to collect the unpaid amounts, plus any interest accrued on the loans.

II. Analysis

The existence of subject-matter jurisdiction is a threshold issue in every federal case. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). "Without jurisdiction the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S. (7

---

[1] The background facts are drawn from the Complaint, HICA's supplemental memorandum of law, and 42 C.F.R. Part 60, and are essentially undisputed.

Wall.) 506, 514 (1868).  Accordingly, "when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Id.  Because subject-matter jurisdiction "involves the court's power to hear a case, [it] can never be forfeited or waived."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quotation marks omitted).  Moreover, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citing Arbaugh, 546 U.S. at 514).

Federal courts are empowered to exercise jurisdiction over two types of cases:  (a) cases involving a "federal question" in which there is a colorable claim that "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (b) cases between "citizens of different states" in which the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  The party asserting that subject-matter jurisdiction exists bears the burden of establishing that its claim fits within either of these two categories.  MLC Fishing, Inc. v. Velez, 667 F.3d 140, 141 (2d Cir. 2011) (per curiam).  If the Court determines that it lacks subject-matter jurisdiction over the action, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

HICA alleges that this case arises under federal law because its claims are "founded upon" promissory notes executed pursuant to the HEAL program, the terms of which are governed by federal regulations.  (Compl. ¶ 3).  Although it is true that the federal regulations impose certain conditions on the issuance, terms, and even repayment of HEAL loans, see 42 U.S.C. §§ 292-292p; 42 C.F.R. pt. 60, HICA is incorrect to

assume that it consequently has pleaded a "cause of action created by federal law." (HICA Mem. at 4). Indeed, it is clear that "neither HEAL nor the federal regulations create a federal cause of action for nonpayment of a HEAL loan." HICA Ed. Loan Corp. v. Mittelstedt, No. 12-cv-512-wmc, 2013 WL 2112233, at *1 (W.D. Wis. May 15, 2013). Instead, the claim that HICA pursues in this case – breach of contract – is a cause of action that is created and governed by state common law. Danziger, 900 F. Supp. 2d at 342.

State law claims, of course, typically do not "arise under" federal law, unless the action "discloses a contested and substantial federal question." Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005). For a state law claim to implicate federal jurisdiction, it therefore must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

HICA's claim in this action presents no discernable federal issue at all, let alone one that either is disputed or substantial. Rather, the sole issue in the case is whether HICA is entitled to collect on Kotlyarov's two defaulted promissory notes. See HICA Ed. Loan Corp. v. Merzenich, No. CV-12-0412-PHX-FJM, 2012 WL 8134359, at *2 (D. Ariz. June 27, 2012) ("The only issue is whether the defendant defaulted on her loan obligation, the resolution of which will be governed by the facts of the case, the loan document itself, and state contract law principles.").

HICA contends that federal jurisdiction nevertheless is proper "[b]ecause a default on a HEAL loan is a violation of the Code of Federal Regulations." (HICA Mem. at 7) (citing HICA Ed. Loan Corp. v. Spears, No. 4:11-CV-38-A (N.D. Tex. Sept. 8, 2011) (N.D. Tex. ECF No. 16)). Although HICA may be correct that defaulting on a HEAL loan constitutes a violation of the federal regulations, the Supreme Court has made clear that the mere violation of a federal statute for which Congress has not established a federal cause of action "does not state a claim arising under the Constitution, laws, or treaties of the United States," even when the violation is an essential element of a state law cause of action. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 817 (1986) (quotation marks omitted); see also Mittelstedt, 2013 WL 2112233, at *2 ("[A] violation of the federal regulations alone is not sufficient to confer federal jurisdiction.") (emphasis in original) (citing Merrell Dow, 478 U.S. 804); cf. Bleakly v. Sierra Cinemas, Inc., No. CIV S-07-052 WBS DAD, 2008 WL 109337, at *2 (E.D. Cal. Jan. 8, 2008) ("even though they are predicated on a violation of federal law, plaintiff's state law claims do not arise under federal law"). As the Court explained in Merrell Dow, the principal consideration in determining whether federal-question jurisdiction exists over state law claims is the "nature of the federal interest at stake." 478 U.S. at 814 n.12. Thus, in Smith v. Kansas City Title & Trust Co., 225 U.S. 180 (1921), the Court held that federal jurisdiction existed over a state corporate-law cause of action because the case turned on "the constitutionality of an important federal statute." Id. "In [Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205 (1934)], in contrast, the Court emphasized that the violation of

5

the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action." Id.  This case involves no constitutional issues and, to the extent that there is interplay between state law and the federal regulations, the elements of HICA's common law contract action remain unchanged.

Likewise, it is not enough that the loans at issue are federally insured and that this action is "an essential ingredient in the federal student loan insurance claims process" because the government is subrogated to HICA and may ultimately require assignment of any judgment HICA obtains. (HICA Mem. at 8).  Indeed, "[a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily . . . one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of [federal] law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569 (1912).  No such dispute or controversy exists in this routine collection action.

Moreover, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 545 U.S. at 313 (brackets omitted). HICA argues that it should be allowed to bring this action in federal court because the government has a "strong interest" in the collection of defaulted HEAL loans. (HICA Mem. at 9).  However, "[t]he federal government's interest in HICA's collection of a defaulted student loan does not transform HICA's state law claim into one that

6

necessarily raises a disputed and substantial federal issue." Danziger, 900 F. Supp. 2d at 343.  Indeed, HHS's own website appears to contemplate a state court suit since it notes that, as part of the post-default procedures after referral of a HEAL loan to a collection agency, the "[Department of Justice] registers the judgment in Federal court for enforced collection."  http://bhpr.hrsa.gov/scholarshipsloans/heal/aboutheal.html (last visited August 5, 2013).  Obviously, if suit were necessarily brought in federal court, there would be no need to register the judgment there.

In sum, in the absence of a showing that there is a "significant conflict . . . between an identifiable federal policy or interest and the operation of state law," Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 693 (2006) (internal quotations omitted), there is no reason why HICA's claim could not be adjudicated effectively in state court or why it is necessary to bring the action in a federal forum.  As Judge Cedarbaum observed in Danziger, "[a]t most, [HICA's] claim requires reference to an interest rate calculated by the Secretary of the Department of Health and Human Services, though the formula for this rate is set forth in the note.  A state court is competent to apply federal law to the extent it is relevant."  900 F. Supp. 2d at 343 (citing Empire Healthchoice, 547 U.S. at 701).

It also bears mention that the Danziger decision is not an outlier.  At least eight similar HICA loan collection actions in addition to Danziger have been dismissed for lack of subject-matter jurisdiction.  See, e.g., Mittelstedt, 2013 WL 2112233; Merzenich, 2012 WL 8134359; HICA Ed. Loan Corp. v. Brunson, No. 2:11-cv-7119-

CAS (PLAx), 2011 U.S. Dist. LEXIS 156445 (C.D. Cal. Nov. 10, 2011); HICA Ed. Loan Corp. v. Evans, No. 2:11-cv-7121-JFW (AJWx), 2011 U.S. Dist. LEXIS 156444 (C.D. Cal. Nov. 9, 2011); HICA Ed. Loan Corp. v. Waters, No. SACV 11-01262-JST, 2011 WL 8134359 (C.D. Cal. Nov. 7, 2011); HICA Ed. Loan Corp. v. Doan, No. 2:11-cv-7122-PA (CWx), 2011 U.S. Dist. LEXIS 156443 (C.D. Cal. Oct. 31, 2011); HICA Ed. Loan Corp. v. Rosenthal, No. 2:11-cv-7072-PA (FMOx), 2011 U.S. Dist. LEXIS 156443 (C.D. Cal. Oct. 31, 2011); HICA Ed. Loan Corp. v. McKinney, No. 10-1205-CV-W-ODS, 2011 WL 10653873 (W.D. Mo. July 18, 2011).[2]

Accordingly, because HICA has failed to demonstrate that subject-matter jurisdiction is proper in this case, "dismissal is mandatory." Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010) (quotation omitted).

III. Conclusion

For the foregoing reasons, the case should be dismissed without prejudice for want of subject-matter jurisdiction.

IV. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered

---

[2] Although HICA cites a number of cases for the proposition that federal courts in this District and the Eastern District of New York "routinely exercise subject matter jurisdiction in cases involving the enforcement of HEAL loans," (HICA Mem. at 7-8), none of those cases address the issue of jurisdiction.

to the chambers of the Honorable Deborah A. Batts and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Batts. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated:   New York, New York
         August 6, 2013

                                               FRANK MAAS
                                          United States Magistrate Judge

Copies to:

Aleksandr L. Kotlyarov (by United States Mail)
700 Fort Washington Avenue
New York, New York 10040

Frank Steven Tate, Esq. (by ECF)
550 Old Country Road, Suite 201
Hicksville, New York 11801